UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **LAWTON MINNIEWEATHER** | **CIVIL ACTION NO. 23-0527** |
| | **SECTION P** |
| **VS.** | |
| | **JUDGE TERRY A. DOUGHTY** |
| **MOREHOUSE PARISH SHERIFF'S DEPARTMENT, ET AL.** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

## REPORT AND RECOMMENDATION

Plaintiff Lawton Minnieweather, a prisoner at Morehouse Parish Jail proceeding pro se and in forma pauperis, filed this proceeding on approximately April 21, 2023, under 42 U.S.C. § 1983. He names the following defendants: Morehouse Parish Sheriff's Department, Lieutenant Taylor, and Warden Douglas.[1] For reasons that follow, the Court should dismiss Plaintiff's claims.

## Background

Plaintiff claims that he is subject to the following conditions of confinement: (1) the "shower area" is full of black mold, and there is black mold "in the top of the restroom area[,]" around the sinks, and at "the top of the dorm"; (2) the floors "in the wet area hold water and it smells like sewage"; (3) a water fountain leaks "really bad"; (4) rain enters the facility because the walls have big holes; (5) food is brought to facility in an unsanitary van; (6) the vents are full of rust; (7) the ceiling leaks; (8) the jail is infested with rats and mice; (9) an exit door "has a busted window" which allows water and insects to enter; (10) male inmates "never get yard

---

[1] This matter has been referred to the undersigned for review, report, and recommendation under 28 U.S.C. § 636, and the standing orders of the Court.

call[,]" but female inmates are allowed "on the rec yard all the time"; (11) Plaintiff was placed in a 2-man lockdown cell with 12-13 other inmates; and (12) he was not allowed to shower for 15 days while he was in lockdown. [doc. # 1, pp. 3-6]. Plaintiff also suggests that beds in the dormitory lack ladders and are covered in rust. [doc. # 1, p. 5].

Plaintiff maintains that the "living conditions . . . were clearly seen and known by defendants . . . ." [doc. # 5, p. 1]. He first experienced "these conditions" on January 15, 2023; as of May 4, 2023, the conditions persist. *Id.* He suffered trauma from the "conditions[,]" and he experiences "back pain from having to climb up to [his] bunk[.]" [doc. # 5, p. 2].

In an amended pleading, Plaintiff claims that Lieutenant Taylor placed him in segregation and did not allow him to shower for fifteen days. [doc. # 5, p. 1]. He claims that, because he "continued to inquire about existing legal responsibilities in Texas[,]" Warden Douglas placed him in segregation and did not allow him to shower for twenty-two days. *Id.* Plaintiff suffered skin boils. *Id.*

Plaintiff claims that Morehouse Parish Jail employees removed tablets provided by a company, Securius, which inmates used to purchase telephone calls, music, and games. [doc. # 1, p. 5]. Inmates have allegedly not received refunds for the money they deposited in their Securius accounts and the money they spent on games and music. *Id.*

Plaintiff claims that his legal mail is copied and that the "original certified" copies were thrown away. *Id.* at 6.

Plaintiff claims that the facility lacks a law library. *Id.* There was a law library on the tablets, but the tablets "don't work anymore." *Id.*

Plaintiff seeks: (1) an investigation into the problems and conditions at the facility; (2) the return of the money inmates spent on games, music, and telephone calls through Securius

accounts or tablets; and (3) "monetary redress for mental anguish, pain, [and] suffering." [doc. #s 1, pp. 5-6; 5, p. 2].

## Law and Analysis

### 1. Preliminary Screening

Plaintiff is a prisoner who has been permitted to proceed in forma pauperis. As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A.[2] *See Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir. 1998) (*per curiam*). Because he is proceeding in forma pauperis, his Complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim on which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. Courts are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Id.*

A complaint fails to state a claim on which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); accord *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). A claim is

---

[2] Under 28 U.S.C. § 1915(h), "'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."

3

facially plausible when it contains sufficient factual content for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570). Plausibility does not equate to possibility or probability; it lies somewhere in between. *Id.* Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim. *Twombly*, 550 U.S. at 556.

Assessing whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal, supra.* A well-pled complaint may proceed even if it strikes the court that actual proof of the asserted facts is improbable and that recovery is unlikely. *Twombly, supra*.

In making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). However, the same presumption does not extend to legal conclusions. *Iqbal, supra.* A pleading comprised of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not satisfy Rule 8. *Id.* "[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *City of Clinton, Ark. v. Pilgrim's Pride Corp*, 632 F.3d 148, 152-53 (5th Cir. 2010). Courts are "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

A hearing need not be conducted for every pro se complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

"To state a section 1983 claim, a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (internal quotation marks omitted). Consistent with the standard above, a "[S]ection 1983 complaint must state specific facts, not simply legal and constitutional conclusions." *Fee v. Herndon*, 900 F.2d 804, 807 (5th Cir. 1990).

**2. Unamenable Entity**

Plaintiff names Morehouse Parish Sheriff's Department as a defendant. Federal Rule of Civil Procedure 17(b)(3) provides that the "[c]apacity to sue or be sued is determined . . . by the law of the state where the court is located . . . ." Under Louisiana law, an entity must qualify as a "juridical person," which is an "entity to which the law attributes personality, such as a corporation or a partnership." LA. CIV. CODE art. 24.

Here, Morehouse Parish Sheriff's Department does not qualify as a juridical person. *See Cozzo v. Tangipahoa Parish Council-President Government*, 279 F.3d 273, 283 (5th Cir. 2002) ("[A] sheriff's office is not a legal entity capable of being sued . . . ."); *Aucoin v. Terrebonne Par. Sheriff's Off.*, 2022 WL 16657429, at *1 (5th Cir. Nov. 3, 2022). Accordingly, the Court should dismiss Plaintiff's claims against this entity.

**3. Separation of Powers**

Plaintiff seeks an investigation into the problems and conditions at the facility.

Investigating and prosecuting possible criminal activities lies in the exclusive jurisdiction of the executive branch of government. In the federal context, for example, prosecuting criminal actions lies in the discretion of the Attorney General of the United States and duly authorized United States Attorneys. In Louisiana, prosecuting criminal actions lies in the discretion of the

Louisiana Attorney General and the various District Attorneys. *See* LA. CODE. CRIM. PROC. arts. 61 and 62. Accordingly, to the extent Plaintiff asks the Court to investigate defendants, the Court should dismiss his request.[3]

**4. Lost Funds**

As above, Plaintiff claims that Morehouse Parish Jail employees removed tablets provided by a company, Securius, which inmates used to purchase telephone calls, music, and games. [doc. # 1, p. 5]. Inmates have allegedly not received refunds for the money they deposited in their Securius accounts and the money they spent on games and music. *Id.*

First, Plaintiff does not allege that *he* has not received a refund. To the extent he seeks relief only on behalf of other inmates who have not received refunds, he lacks standing. Persons claiming a deprivation of constitutional rights are required to show a deprivation of their personal rights, as opposed to the rights of others. *Coon v. Ledbetter*, 780 F.2d 1158, 1159 (5th Cir. 1986); *Barrows v. Jackson*, 346 U.S. 249, 255 (1953) ("Ordinarily, one may not claim standing in this Court to vindicate the constitutional rights of some third party."). In *Resendez v. Texas*, 440 F. App'x 305, 306 (5th Cir. 2011), for example, the court held that "to the extent that [the plaintiff] seeks to raise issues regarding the illegal confinement of other prisoners . . . , he

---

[3] Plaintiff should, if he wishes, direct his concerns to a local, state, or federal police agency. That said, Plaintiff should be aware that if a prosecuting authority investigates and chooses to forego filing charges, "[t]he decision to file or not file criminal charges . . . will not give rise to section 1983 liability." *Oliver*, 904 F.2d at 281. The courts "allow the government discretion to decide which individuals to prosecute, which offenses to charge, and what measure of punishment to seek." *U.S. v. Lawrence*, 179 F.3d 343, 348 (5th Cir. 1999); *see, e.g., Hymel v. Champagne*, 2007 WL 1030207, *2 (E.D. La. 2007) (denying a plaintiff's request to investigate a correctional center: "this Court has no authority to issue such an order and plaintiff has no constitutional right to such an order. Moreover, to the extent that plaintiff is alleging that a criminal investigation should be instituted, such investigations are solely within the purview of law enforcement authorities.").

lacks standing to bring those claims."); *see Kennedy v. Dallas Police Dep't*, 2007 WL 30260, at *2 (N.D. Tex. Jan. 4, 2007) (plaintiff may bring a Section 1983 action only for deprivations he suffered).[4]

In addition, Plaintiff may not function as counsel for other prisoners. *See, e.g.*, *Wade v. Carrollton–Farmers Branch Indep. Sch. Dist.*, 2009 WL 2058446, at *2 (N.D. Tex. July 14, 2009) ("[I]ndividuals who do not have a law license may not represent other parties even on a next friend basis."). Parties can represent themselves, or they can be represented by an attorney; a non-lawyer cannot represent them. *See Gonzales v. Wyatt*, 157 F.3d 1016, 1021 (5th Cir. 1998) (*citing Eagle Associates v. Bank of Montreal*, 926 F.2d 1305, 1308-09 (2d Cir. 1991) (reviewing authority)).

Here, the Court will consider only the alleged harm that Plaintiff suffered (if any). Accordingly, the Court should dismiss claims Plaintiff raises on behalf of other inmates.

Even assuming Plaintiff alleged that he did not receive a refund, he does not identify a responsible defendant. He only mentioned this claim in his initial pleading, where he named only the Morehouse Parish Sheriff's Department as defendant. As above, the Morehouse Parish Sheriff's Department is unamenable to suit. The undersigned instructed Plaintiff to file an amended pleading and provide the name of each defendant who allegedly violated his constitutional rights and a separate description of what, exactly, each defendant did to violate his rights. [doc. # 4, p. 2]. Plaintiff filed an amended pleading, naming Lieutenant Taylor and

---

[4] *See also Gregory v. McKennon*, 430 F. App'x 306, 310 (5th Cir. 2011) (holding that the plaintiff "would lack standing to seek § 1983 damages for violations of other prisoners' rights . . . ."); *Doe ex rel. Doe v. Beaumont Indep. Sch. Dist.*, 173 F.3d 274, 281 (5th Cir. 1999), on reh'g en banc sub nom. *Doe v. Beaumont Indep. Sch. Dist.*, 240 F.3d 462 (5th Cir. 2001) ("[W]hen making a determination of standing[,]" trial courts "are exhorted to consider . . . whether the plaintiff is asserting his or her own legal rights and interests rather than the legal rights and interests of third parties.").

Warden Douglas as defendants, but he did not allege that Taylor and Douglas were involved in failing to refund his money. Accordingly, the Court should dismiss Plaintiff's claim. *See Alderson v. Concordia Par. Corr. Facility*, 848 F.3d 415, 421 (5th Cir. 2017) (dismissing a claim that supervisory officials failed to correctly house the plaintiff because despite the magistrate judge's instruction to "state what each defendant did[,]" the plaintiff did not identify a responsible defendant).[5]

Finally, even assuming Plaintiff does enjoy standing and did identify a responsible defendant, the *Parratt-Hudson* doctrine forecloses his claim.

A post-deprivation tort cause of action in state law is, under the *Parratt/Hudson*[6] doctrine, sufficient to satisfy the requirements of due process when a plaintiff alleges that he has been deprived of his property, without due process of law, by the negligent or intentional actions of a state officer that are "random and unauthorized."[7] *Sheppard v. Louisiana Bd. of Parole*, 873 F.2d 761, 763 (5th Cir. 1989) (*quoting Hudson*, 468 U.S. at 533-35). Louisiana law provides an adequate remedy for both intentional and negligent deprivations of property. *Copsey v. Swearingen*, 36 F.3d 1336, 1342-43 (5th Cir. 1994); *Marshall v. Norwood*, 741 F.2d 761, 764

---

[5] *See also Martinez v. City of N. Richland Hills*, 846 F. App'x 238, 243 (5th Cir. 2021) ("The court disregards bare assertions of collective responsibility, unsupported by concrete factual allegations."); *Jones v. Hosemann*, 812 F. App'x 235, 238-39 (5th Cir. 2020) ("It is not enough for a plaintiff to simply allege that something unconstitutional happened to him. The plaintiff must plead that each defendant individually engaged in actions that caused the unconstitutional harm.").

[6] *Hudson v. Palmer*, 468 U.S. 517 (1984); *Parratt v. Taylor*, 451 U.S. 527 (1981), overruled in part by *Daniels v. Williams*, 474 U.S. 327 (1986).

[7] "The doctrine is meant to protect the state from liability for failing to provide predeprivation process in situations where it cannot anticipate the need for such process (when actions are random and unauthorized)." *Brooks v. George County, Miss.*, 84 F.3d 157, 165 (5th Cir. 1996).

(5th Cir. 1984) (*citing* Louisiana Civil Code Article 2315 and observing that "Louisiana law affords an opportunity to redress intentional torts under the same section of the Code by which negligence is remedied."); *Fuller v. XTO Energy, Inc.*, 989 So. 2d 298, 302 (La. Ct. App. 2008) (recognizing the tort of conversion).[8]

      Here, Plaintiff does not allege that he was deprived of his money by anyone acting under an official policy, custom, or procedure; rather, he describes random and unauthorized action. *See Allen v. Fuselier*, 273 F.3d 393 (5th Cir. 2001) (citing *Parratt* and concluding, "Allen's assertion that the defendants improperly removed $75 from his inmate account is frivolous because the existence of a postdeprivation tort cause of action in [Louisiana] law is sufficient to satisfy the requirements of due process."); *Washington v. Collier*, 747 F. App'x 221, 222 (5th Cir. 2018) ("[A] state actor's unauthorized deprivation of an inmate's prison account funds—be it negligent or intentional—'does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available.'") (*quoting Hudson*, 468 U.S. at 533); *Myers v. Klevenhagen*, 97 F.3d 91 (5th Cir. 1996); *Parker v. Davilla*, 67 F. App'x 242 (5th Cir. 2003); *Cannon v. Howard*, 224 F.3d 766 (5th Cir. 2000).

---

[8] *See also Suria v. Wathen*, 616 F. App'x 175 (5th Cir. 2015) (affirming dismissal of a claim that correctional officers lost an inmate's personal property through gross negligence and dereliction of duty, on grounds that "negligent conduct is not actionable under § 1983."); *Krause v. Leonard*, 352 F. App'x 933 (5th Cir. 2009) (prisoner's claim that police lost property that was inside his impounded automobile and allowed thieves to steal from his trailers during his time in jail was not cognizable under Section 1983 because state law provided a meaningful post-deprivation remedy).

Plaintiff should, if he wishes, pursue relief under state law in state court because Louisiana law provides adequate remedies for this alleged conduct. Accordingly, the Court should dismiss Plaintiff's claim without prejudice to his right to bring suit in state court.

**5. Limitation on Recovery Under 42 U.S.C. § 1997e(e)**

Apart from seeking an investigation and the return of inmates' funds—both of which the undersigned recommends dismissing above—Plaintiff seeks only "monetary redress for mental anguish, pain [and] suffering." [doc. # 5, p. 2].

Under 42 U.S.C. § 1997e(e), "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of Title 18)." "[I]t is the nature of the relief sought, and not the underlying substantive violation, that controls: Section 1997e(e) applies to all federal civil actions in which a prisoner alleges a constitutional violation, making compensatory damages for mental or emotional injuries non-recoverable, absent physical injury." *Geiger v. Jowers*, 404 F.3d 371, 375 (5th Cir. 2005). "The 'physical injury' required by § 1997e(e) 'must be more than de minimus [sic], but need not be significant.'" *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999) (*quoting Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997)).

Here, Plaintiff "brought" this action when he was incarcerated. [doc. #s 1, p. 2; 1-2]. With respect to his remaining claims, he seeks monetary compensation for only mental, emotional, and de-minimis physical injuries he suffered while in custody.

In his amended pleading, Plaintiff alleges for the first time that he suffered skin boils because he was not allowed to shower for twenty-two days. [doc. # 5, p. 1]. Absent more, however, Plaintiff describes only a de-minimis physical injury. *See Sawyer v. Louisiana Dep't of*

10

*Corr.*, 2010 WL 4366295, at *6 (W.D. La. Oct. 1, 2010), *report and recommendation adopted,* 2010 WL 4424819 (W.D. La. Oct. 28, 2010) (finding that boils, as a result of exposure to alleged unsanitary conditions, were de minimis); *Bradshaw v. Unknown Lieutenant*, 48 F. App'x 106 (5th Cir. 2002) (finding that blistering and burning skin was de minimis);[9] *Boyd v. Mohammad*, 2000 WL 34532673, at *1 (5th Cir. Mar. 30, 2000) (finding that a "light burn" was only a *de minimis* physical injury).

Plaintiff also states that he suffers from "back pain from having to climb up to [his] bunk." [doc. # 5, p. 2]. Again, however, Plaintiff describes only de-minimis injury. *See Brooks v. City of W. Point, Miss.*, 639 F. App'x 986, 990 (5th Cir. 2016) (finding that back and neck pain was de minimis); *Herron v. Patrolman No. 1*, 111 F. App'x 710, 713 (5th Cir. 2004) (holding that a "temporary increase of pain . . . is at most a *de minimis* injury that will not support a claim of mental or emotional suffering."); *Luong v. Hatt*, 979 F. Supp. 481, 486 (N.D. Tex. 1997) (reasoning that an aching back was de minimis).[10]

---

[9] While *Bradshaw* discussed "de minimis injury" in the context of an excessive force claim, it applies here because the "Fifth Circuit has held that the physical injury requirement for purposes of 42 U.S.C. § 1997e(e) is coterminous with the standard for determining whether a plaintiff has suffered a physical injury in the context of an excessive force claim." *Smith v. Aguirre*, 2009 WL 1683477, at *7 (N.D. Tex. June 12, 2009) (*citing Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir.1997)).

[10] Even assuming Plaintiff sought cognizable relief, his claim of lacking a ladder to reach his bed amounts to negligence at best. *See Saldivar*, 698 F. App'x at 199 ("At most, the decision to move Saldivar to a cell with a top bunk was negligence or a failure to ascertain a perceptible risk rather than deliberate indifference; Saldivar may not obtain relief on this basis."); *Moreno v. U.S. Marshal Serv.*, 184 F.3d 816 (5th Cir. 1999) (finding that a plaintiff alleged only negligence where he claimed that jail officials made him climb into a top bunk four to five weeks after surgery); *Jones v. La. Dept of Pub. Safety & Corr.*, 2009 WL 1310940, at *2 (W.D. La. May 11, 2009) ("Plaintiff's allegation that the defendants are responsible for his fall because the top bunks in the Cypress Unit are not equipped with ladders is an allegation of tortious conduct, which cannot serve as the basis for a § 1983 claim."); *Joseph v. Allemand*, 2020 WL 6143617, at *2 (W.D. La. Aug. 4, 2020), *report and recommendation adopted,* 2020 WL 6060962 (W.D. La.

Plaintiff also seeks compensation for "pain and suffering." Absent additional detail, the undersigned construes the term, "pain and suffering," as an allegation of, at best, mental or emotional injury unaccompanied by greater-than-de-minimis physical pain.

In addition, Plaintiff does not allege that he was a victim of a "sexual act" as defined in 18 U.S.C. § 2246.

Overall, Plaintiff does not allege that he suffered a more-than-de-minimis physical injury or any other injury or damage compensable by monetary relief. Accordingly, the Court should dismiss Plaintiff's request for compensatory relief. As Plaintiff does not seek any other cognizable relief for his remaining claims, the Court should dismiss them.

## Recommendation

For the reasons above, **IT IS RECOMMENDED** that Plaintiff Lawton Minnieweather's claims be **DISMISSED** as frivolous and for failing to state claims on which relief may be granted.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy of any objections or response to the district judge at the time of filing.

---

Oct. 14, 2020) ("While the lack of a ladder is not perfect, this condition does not amount to cruel and unusual punishment and instead amounts to negligence at best.").

Allegations of negligence do not state claims of constitutional dimension. *Daniels v. Williams*, 474 U.S. 327, 336 (1986) (holding that the United States Constitution does not address injuries inflicted by governmental negligence); *Hernandez ex rel. Hernandez v. Texas Dep't of Protective & Regulatory Servs.*, 380 F.3d 872, 882 (5th Cir. 2004) (recognizing that plaintiffs must "demonstrate culpability beyond mere negligence or even gross negligence.").

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Monroe, Louisiana, this 5th day of July, 2023.

 Kayla Dye McClusky
 United States Magistrate Judge